# EXHIBIT 5

# CALANDRIA GOSHAY DECLARATION

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

BELINDA SMITH,               )
                                    )
        Plaintiff,          )
                                    )
        v.               )    No. 16CV7441
                                    )
THE UNIVERSITY OF CHICAGO   )    Judge Aspen
MEDICAL CENTER,[1]              )
                                    )
        Defendant.     )
                                    )

## DECLARATION OF CALANDRIA GOSHAY

Calandria Goshay, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.      I am a resident of Illinois.

2.      I am over 18 years of age and competent to give the testimony in this declaration.

3.      I have personal knowledge of the facts in this declaration.

4.      I am currently employed by Aramark Healthcare Hospitality ("Aramark") as Patient Services Manager at The University of Chicago Medical Center ("UCMC"). I report to Marilyn Walls, Aramark Director of Food Services at UCMC.

5.      I was Belinda Smith's ("Smith") direct supervisor from April 2014 to June 5, 2015.

6.      Ms. Smith had significant performance problems over the entire time I supervised her, but the problems increased in number and intensity early in 2015.

7.      For example, on January 17, 2015, Ms. Smith stopped her co-workers in the kitchen to check on the meal tickets and the meal boxes because she said that her co-workers

---

[1]     The Defendant was improperly named in the Complaint as "University of Chicago Medical Centers Food Service." There is no such entity. The proper Defendant is The University of Chicago Medical Center.

were making mistakes and that they were asking her to make things that weren't on the patients' meal tickets. When I explained to Smith that that was not her responsibility, Smith began yelling at me stating that everyone was conspiring against her and claiming that I wanted to get her fired.

8.      On January 18, 2015, Ms. Smith snatched a mop out of a co-worker's hand as she attempted to clean up a spill. Smith also stopped a co-worker on her way to deliver a cart so Smith could reheat soup because Smith said that they didn't do it the right way the first time.

9.      Ms. Smith also refused to follow directions. For example, on January 30, 2015, Smith was informed that she must tell her manager before she goes out on break. Smith argued with me telling me that she shouldn't be expected to remember things like that and that I was conspiring against her.

10.      On February 4, 2015, Ms. Smith was hostile towards me and claimed that everyone in the kitchen was out to get her. After several attempts to calm her down, and after she was warned that she would be asked to leave the kitchen if she didn't lower her voice and calm down, Smith continued to yell at me. Smith was escorted out of the kitchen.

11.      Ms. Walls suspended Smith in February 2015 for hostile behavior in the workplace following her outburst on February 4, 2015.

12.      On April 11, 2015, Ms. Smith told me that "God was going to get [me]." I reported the statement, and concerns for my own safety, to Ms. Walls and to Jen Whepley, Aramark Human Resources Representative. On April 15, 2015, Smith was counselled by Walls, along with Whepley and me, about use of threatening language.

13.      Ms. Smith was suspended by Ms. Walls on June 5, 2015, pending further investigation.

2

14.     Ms. Walls decided to recommend that UCMC terminate Smith. The decision to recommend termination was reviewed and approved by Aramark Human Resources Representative. Jen Whelpey, and Aramark Executive Director, Mary Pat Severns. Smith was terminated by UCMC in late June 2015.

15.     I am not aware, and was not aware in 2014 or 2015, that Ms. Smith had any physical or mental impairment that limited any major life activity.

16.     Ms. Smith never told me that she had any physical or mental impairment that limited any major life activity.

17.     In 2014 and 2015, I did not consider Ms. Smith to be disabled, or to have any physical or mental impairment that limited any of her major life activities.

18.     I did not take any action regarding Ms. Smith based on any physical or mental impairment she may have had in 2014 or 2015.

19.     I am not aware, and have no knowledge, of any diagnosis or treatment Ms. Smith received from any of her doctors at UCMC or elsewhere.

20.     I am not aware, and have no knowledge, of any legal issues Ms. Smith experienced in 2014 and 2015 related to child custody or parental rights.

21.     I have had no contact with any person or representative from the Illinois Department of Children and Family Services ("DCFS") about Ms. Smith or her child(ren). I have not been involved, an am totally unaware, of any interaction Smith has had with DCFS.

FURTHER DECLARANT SAYETH NOT

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 22, 2018

_____
CALANDRIA GOSHAY

3

QB\52527218.1